UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL ANDERSON** | **CIVIL ACTION NO. 07-0714** |
| **VS.** | **SECTION P** |
| **RICHARD STALDER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Michael Anderson on April 19, 2007. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Caldwell Parish Detention Center (CPDC), Grayson, Louisiana; however, when he filed his complaint he was housed at the Franklin Parish Detention Center (FPDC) in Winnsboro, Louisiana. According to his Statement of Claim, "Plaintiff seeks medical attention for infected tonsils." [doc. 1-1, paragraph IV] He prays, however, for injunctive relief as follows, "To be given the right to exhaustion of administrative remedy procedure grievance for proper medical care." [*id*., paragraph V] He named LDOC Secretary Richard Stalder and Franklin Parish Sheriff Steve Pylant as defendants.

### *Statement of the Case*

Plaintiff has provided little factual support for his complaint. The record indicates that his application to proceed *in forma pauperis* was granted on April 26, 2007. On May 3, 2007, the FPDC accounts officer advised the Clerk of Court that petitioner had been transferred to the

1

CPDC on April 25, 2007. [doc. 4] The order granting *in forma pauperis* status, which was mailed by the Clerk on April 30, 2007 [doc. 5] was returned by the United States Postal Service with the notation, "Caldwell Parish – RTS Return to Sender Not Deliverable as Addressed Unable to Forward." [doc. 5]

*Law and Analysis*

*1. Local Rule 41.3W*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Under the Local Rule, it is the litigant's responsibility to keep the court apprised of his whereabouts. The available evidence establishes that plaintiff was transferred from FPDC to CPDC on April 25, 2007. More than thirty days have elapsed since that event and plaintiff has not notified the court of his new address as mandated by the rule. Thus, dismissal under LR 41.3W is appropriate. Nevertheless, dismissal on the merits is also appropriate, as is shown hereinafter.

*2. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides sufficient information to complete an initial review. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

### 3. Right to Administrative Remedies

Plaintiff seeks only injunctive relief. He claims that the FPDC does not have a prison grievance procedure. [doc. 1-1, paragraph II(B)] As shown above, he prays that he "...be given the right to exhaustion of administrative remedy procedure..." [*id*., paragraph V]

The narrowing of prisoner due process protections announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"). See also *Jones v. North Carolina Prisoners' Labor Union, Inc*., 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's

inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since plaintiff has no constitutionally protected right to a prison grievance procedure, his request for injunctive relief is frivolous.

*4. Medical Care Claim*

Plaintiff also implies that officials at FPDC have denied him appropriate medical care for his infected tonsils. [doc. 1-1, paragraph IV] Again, plaintiff seeks only injunctive relief in the form of an order directing prison officials to provide him medical attention. [*id.*] As shown above, the evidence establishes that plaintiff is no longer detained at FPDC and therefore his suit for injunctive relief against Sheriff Pylant is now moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001); see also *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991). The possibility that plaintiff may be transferred back to the FPDC is too speculative to warrant relief. See *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987). Therefore, plaintiff's claims for injunctive relief requesting medical care is moot and dismissal of that claim as it relates to Franklin Parish Sheriff Pylant is appropriate.

*5. Secretary Stalder*

Of course, plaintiff's claim for injunctive relief as it relates to LDOC Secretary Stalder survives his transfer so long as plaintiff remains in the legal custody of the Department. Nevertheless, in order to obtain injunctive relief, a plaintiff must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5 Cir.1985) citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974). While the granting of injunctive relief is left to the sound discretion of the trial court, the moving party bears the burden of satisfying the four prerequisites for this extraordinary relief. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5 Cir.1974):  (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not do disservice to the public interest. *id.* These requirements are not balanced. Instead, each one must be met before the court can provide such extraordinary and drastic relief. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5 Cir.1985).

Prison authorities are constitutionally obligated to provide medical care for inmates in their custody, and deliberate indifference to the serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. See, U.S.C.A. Const. Amend. 8; *Estelle v. Gamble*, 429 U.S. 97 (1976). In order to make out a claim of deliberate indifference the inmate must demonstrate that the defendant prison official  knew of and disregarded a substantial risk of serious harm. See, e.g., *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir.2001). Therefore, in order to prevail on his medical care claim, plaintiff must allege and establish that

the remaining defendant, LDOC Secretary Stalder, knew of and disregarded an excessive risk to plaintiff's health and safety occasioned by his allegedly infected tonsils.

Plaintiff's allegation that FPDC has no prison grievance program has been accepted as true for the purposes of this Report. However, Louisiana law mandates a prison grievance procedure for all inmates in the custody of the LDOC. Administrative remedies procedures have been mandated by Louisiana law and adopted by the Louisiana Department of Public Safety and Corrections. See LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002); 28:4 La.Reg. 857.DP1.

While plaintiff's claim may not be *dismissed* on initial review based on his failure to exhaust these state mandated administrative remedies procedures [See *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)( ruling that the failure to exhaust administrative remedies is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. *id.*, 127 S.Ct. at 921] plaintiff's failure to apprise the LDOC of his medical needs negates the crucial element of plaintiff's medical care claim, namely, that the defendant knew of and disregarded a substantial risk of serious harm. See, e.g., *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir.2001).

In short, since plaintiff cannot show deliberate indifference on the part of defendant Stalder, his claim for injunctive relief should be dismissed as frivolous.

## 6. Conclusion

Plaintiff's complaint is subject to dismissal under the provisions of LR 41.3W; however, since his claims are manifestly frivolous, dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 21st day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE